## HILLSIDE LAND & IRRIGATION CO. v. RUIZ. (No. 551.)

(Court of Civil Appeals of Texas. El Paso. March 10, 1916.)

WATERS AND WATER COURSES ⬤⇒254—LEASE OF WATER—CONSTRUCTION.

Provision of a lease contract that the lessor shall pay the irrigation company for four irrigations does not require it to furnish the water.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. ⬤⇒254.]

Appeal from Ward County Court; Burch Carson, Judge.

Action by the Hillside Land & Irrigation Company against J. G. Ruiz. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

B. W. Baker, of Barstow, for appellant. W. A. Hudson, of Pecos, for appellee.

HIGGINS, J. By written contract dated January 3, 1913, appellant leased to Ruiz, for the year 1913, 80 acres of land. Ruiz agreed to pay a rental of $3 per acre. This suit was filed to recover such rental. In bar of the action and as the basis of his cross-action, defendant set up this provision in the contract, namely:

"The lessor agrees to pay the Barstow Irrigation Company the annual water rental due to said company during the term of this lease (for cotton and cane four irrigations only)."

And in his answer pleaded:

"This defendant says that said provisions mean, and were mutually understood to mean, that plaintiff was to furnish water for the growing of crops by irrigation to the extent of four irrigations during the life of said contract, and that, although defendant often requested plaintiff and said irrigation company to furnish him water for irrigation of his crops, said plaintiff failed and refused to furnish said water or cause same to be furnished, and defendant was thereby prevented from making any crops upon said land, and said land was rendered worthless to this defendant, all of which was well known to plaintiff, and that for the reasons stated the consideration for said contract has wholly failed, and that this defendant is not liable for any sum of money thereunder."

In his cross-action he averred:

"That said provision meant, and was understood by the parties to said contract to mean, that plaintiff would furnish or cause said irrigation company to furnish to this defendant for irrigations for his cotton and cane to be grown upon said land during the term of said lease. This defendant says that, if he is mistaken as to the meaning of said provision, then he says that plaintiff is a subsidiary corporation to said Barstow Irrigation Company, and was organized by the stockholders of said irrigation company for the sole purpose of owning and holding lands belonging to said Barstow Irrigation Company, and that the lands herein described are part of such lands, and that plaintiff and said Barstow Irrigation Company are one and the same corporation and are owned and controlled by the same people and have now and at the time of the making of said lease contract had one and the same agent and manager, to wit, one John Wilson."

From a judgment in favor of Ruiz, this appeal is prosecuted.

It is unnecessary to discuss the assignments in detail. It is sufficient to say that the contract between the parties imposed no obligation upon appellant to furnish water for irrigation. It is plain and unambiguous in this respect. There is no allegation or proof of fraud, accident, or mistake. The Hillside Land & Irrigation Company and the Barstow Irrigation Company were separate and distinct corporate entities. The cause will be reversed, and judgment here rendered that appellant recover of Ruiz $240 with 6 per cent. interest from January 1, 1914, and that Ruiz take nothing by his cross-action.

Reversed and rendered.